IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 11, 2005 Session

## STATE OF TENNESSEE v. ROBERT BRADLEY, JR.
## In Re:  CLARENCE KEELEY d/b/a A-BAIL BOND COMPANY

Appeal from the Circuit Court for Lauderdale County
Nos. 7170, 7171    Joseph H. Walker, III, Judge

No. W2004-00113-CCA-R3-CD  - Filed May 5, 2005

The Appellant, Clarence Keeley, d/b/a A-Bail Bond Company, appeals the order of the Lauderdale County Circuit Court denying his petition for reimbursement of the bond in the case of *State of Tennessee v. Robert Bradley, Jr.*   On appeal, Keeley argues that the trial court erred in denying reimbursement of the $10,000 bail bond because (1) the circuit court was without jurisdiction to enter a forfeiture on the bond which secured Bradley's appearance in the general sessions court and (2) Bradley's guilty pleas to the charges released A-Bail Bond Company from its surety obligations. After review, we hold that the circuit court was without jurisdiction to enforce the bail bond. Accordingly, the judgment of the trial court is reversed, and reimbursement of the bond is ordered as provided below.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. MCLIN, JJ., joined.

Joel H. Moseley, Sr., Nashville, Tennessee; and Rebecca S. Mills, Ripley, Tennessee, Attorneys for the Appellant.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey A. Brewer Walker, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Appellant, Clarence Keeley, d/b/a A-Bail Bond Company, is a professional bondsman who is authorized to act as surety on bail bonds in the Twenty-Fifth Judicial District. This case stems from the May 6, 2001 arrest of Robert Bradley, Jr. in Lauderdale County for the offenses of driving under the influence, driving on a suspended license, and violation of the implied consent law. On May 8, 2001, an appearance bond in the amount of $10,000 was posted on behalf of Bradley by A-Bail Bond Company. Bradley appeared at his initial general sessions court appearance date on May 25, 2001; however, he did not appear at his next scheduled court date of July 20, 2001. As a result, Bradley's bond of $10,000 was "called," a conditional judgment was entered against A-Bail Bond Company in the amount of $10,000, and a *scire facias* issued.[1] No further action was taken with regard to Bradley's bond in the general sessions court. However, on October 1, 2001, Bradley was indicted by a Lauderdale County grand jury for the same offenses charged in the general sessions court, in addition to a new charge of felony failure to appear.[2] The capias, which issued as a result of the indicted charges, remained unserved. On January 30, 2002, the Lauderdale Circuit Court entered an order of final forfeiture on the May 8, 2001 bond in the amount of $10,000.

The Appellant paid the bond, under threat of execution, on March 26, 2002. In May 2003, the Appellant located Bradley in Pulaski County, Arkansas, where he had been incarcerated since December 2002. Bradley was ultimately transported to Lauderdale County and on September 26, 2003, he pled guilty in the Lauderdale County Circuit Court to the indicted charges. On September 29, 2003, the Appellant filed a petition seeking reimbursement of the $10,000 bail bond paid into the court. The Appellant's petition was denied, with this appeal following.

**Analysis**

On appeal, the Appellant alleges that the Lauderdale County Circuit Court was without jurisdiction to order a final forfeiture of the bail bond which secured Bradley's appearance in the general sessions court. He asserts that only the general sessions court had authority to enter the final judgment. Thus, he contends that the circuit court's order requiring payment of the $10,000 judgment is void, and because Bradley has since pled guilty to the charges, the Appellant is now statutorily released from his obligations as surety. The State argues that the bond secured "the

---

[1]The *scire facias* provided:

> that a conditional judgment was rendered against [Bradley and A-Bail Bond Company] in the General Sessions Court of Lauderdale County, for the sum of $10,000.00 and costs, on a Robert Bradley, Jr, and the same will be made final unless they appear at the January 24, 2002 Docket of the General Sessions Court and show cause to the contrary.

[2]Bail in the amount of $17,500 was set for Bradley for all indicted offenses.

presence of [Bradley] for final termination of the case" and that because "the instant case was moved from General Sessions to Circuit Court, the case had not reached final judgment." As such, the State contends that under these circumstances, "the bond follows [Bradley]."[3]

First, we observe that a bail bond is a contract between the State on the one side and the criminal defendant and his surety on the other, whereby the surety assumes custody of the defendant and guarantees the State either the appearance of the defendant in court or the payment of the full amount of the bail set by the court. *In re: Sanford & Son's Bail Bonds, Inc.*, 96 S.W. 3d 199, 202 (Tenn. Crim. App. 2002). A court may not unilaterally alter the terms of a bail bond contract unless statutorily authorized. In this case, it is undisputed that the Appellant contractually guaranteed Bradley's appearance throughout the various stages of the criminal proceedings, conditioned on the Appellant's continuing compliance with the conditions of the bail bond. However, when the Appellant failed to appear in general sessions court, as the bond required him to do, he was no longer in compliance with the terms and conditions of the bail bond. Clearly, the State's contractual remedy at this point was enforcement of the bail bond by means of a final forfeiture in the general sessions court. However, the State contends that, irrespective of the contractual remedy, the Appellant was statutorily required to remain on Bradley's bond following his indictment and until the case reached final judgment.

With regard to the respective arguments on this issue, we conclude that Bradley's non-appearance in the general sessions court resulted in the abatement of the charges against him in that court. The indictment returned by the grand jury was the beginning of a new criminal proceeding. *See Waugh v. State*, 564 S.W.2d 654, 660 (Tenn. 1978). We disagree with the State's argument that the case was, in effect, "moved from General Sessions to Circuit Court." The grand jury's action in the case stemmed from their inquisitorial power over indictable offenses committed within the county, as opposed to a probable cause finding by the general sessions court and the Appellant being "bound over" to the grand jury. Because we hold that the Bradley's continuing compliance with the terms and conditions of his bail bond ended upon his failure to appear, it necessarily follows that Bradley's bail bond securing his appearance was ripe for forfeiture and the general sessions court had jurisdiction over such forfeiture. Tennessee Code Annotated section 40-11-120 provides that, when the conditions of the bail bond are violated, "the court having jurisdiction shall enter an order declaring the bail to be forfeited." Again, because the general sessions court was the court of jurisdiction, entry of the final forfeiture by the circuit court was error.

In turn, we review the Appellant's allegation that he is entitled to reimbursement of $10,000 plus cost because he was statutorily released from his obligations as surety when Bradley pled guilty to the charges in the circuit court. We would agree that Tennessee Code Annotated section 40-11-

---

[3]We presume the State relies upon the provisions of Tennessee Code Annotated section 40-11-130 (2003) as authority. This statute provides that when a defendant executes a bond in a criminal case, the bond remains valid until the time allowed by law for the defendant to appeal a finding of guilt to the Court of Criminal Appeals. *Id*. at (a). We would agree that a bail bond remains valid throughout the various stages of the criminal proceedings, subject to the defendant's continuing compliance with the conditions of the bail bond, including the defendant's personal appearance at the various stages.

138(b) (2003) provides that a bail bondsman is released from his obligation under the bail bond upon disposition of the charges against the surety's principal, which occurred in this case. However, Tennessee Code Annotated section 40-11-138(b), when read in conjunction with section (a) of the statute, clearly contemplates that a surety is released from its obligations when the principal is in compliance with the conditions of the bail bond and disposition of the case is made. In this case the principal was not in compliance with his bond, and a valid conditional judgment had been entered by the general sessions court. Thus, under these circumstances, the surety's obligation remains in effect until the provisions of Tennessee Code Annotated section 40-11-201 (2003) are met. According to the statute, following entry of a conditional judgment for failure to appear:

> The appearance or bail bond shall remain in full force and effect until the principal is physically or mentally able to appear, or until a detainer against the principal is filed with the detaining authority. On the filing of such detainer, the bondsman and sureties shall remain liable for the expenses of returning the principal to this jurisdiction for trial when the principal is released by the detaining authority.

Tenn. Code Ann. § 40-11-201(c).

After review of the relevant statutes, we conclude that the Appellant was released from his surety obligations by virtue of the principal's guilty pleas on September 26, 2003, and because no valid final forfeiture was in effect at the time, the Appellant is entitled to reimbursement of the bond. Additionally, we conclude that the Appellant is responsible for the expenses incurred in returning the principal to Lauderdale County.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court denying reimbursement is reversed, and this cause is remanded for reimbursement of the final judgment of forfeiture, less expenses incurred in returning the principal from Arkansas to Lauderdale County.

_____
DAVID G. HAYES, JUDGE